Dear Senator Dyer:
This opinion letter is in response to your question asking:
 Are local zoning orders, such as the St. Charles County Flood Plain Order, applicable to public uses of property which an agency of the government, in this case the Consolidated North County Levee District of St. Charles County, Missouri, has the power to acquire by the exercise of the power of eminent domain?
On the opinion request form you submitted, you state the following facts as being relevant to your opinion request:
 The Consolidated North County Levee District is a Circuit Court Levee District organized under Chapter 245 of the Missouri Statutes, located in St. Charles County, Missouri. The district is planning to submit an Amended Plan of Reclamation to the St. Charles County Circuit Court. This plan would include raising the height of levees and building additional levees. St. Charles County is a first class county, operating under the second class county zoning statute. The County has, pursuant to 64.510-64.690 RSMo and 64.211-64.295
RSMo., adopted a "Zoning Order Section introduced by the governing body creating floodway and floodway fringe districts defining the same and setting forth regulations thereof," hereafter referred to as "Floodplain Ordinance". The floodplain ordinance requires that one obtain a permit before building any structure in the Flood Plain. Section 245.130 RSMo. grants the Levee District the power to acquire the lands on which to build levees by the power of eminent domain.
A discussion of the law relating to governmental immunity from zoning is set forth in City of St. Louis v. Bridgeton,705 S.W.2d 524, 527-528 (Mo.App. 1985):
 The issue of governmental immunity from zoning has been considered by the Missouri Supreme Court in four cases: State ex rel. St. Louis Union Trust Co. v. Ferriss, 304 S.W.2d 896 (Mo. banc 1957); State ex rel. Askew v. Kopp, 330 S.W.2d 882
(Mo. 1960); St. Louis County v. City of Manchester, 360 S.W.2d 638 (Mo. banc 1962); and Appelbaum v. St. Louis County, 451 S.W.2d 107 (Mo. 1970). Ferriss held that the City of Ladue could not restrict, through its zoning ordinance, the School Board's power to select, locate and take by eminent domain private property for a public school. In Kopp the Court decided that the City of Raytown was not subject to the zoning laws of Jackson County in locating a sewage disposal plant. However, Kopp was distinguished in Manchester,
where the Court held that the City of Manchester was restricted in the selection of a sewage treatment plant by the zoning laws of St. Louis County, which, unlike Jackson County, operated under a constitutional charter. Finally, in Appelbaum the Court found that St. Louis County was not required to comply with the zoning ordinances of municipalities in locating an incinerator and land fill. A thorough discussion of these cases and the applicable law is contained in City of Kirkwood v. City of Sunset Hills, 589 S.W.2d 31 (Mo.App. 1979), where this court held that Kirkwood did not have to comply with the zoning law of Sunset Hills in establishing a public swimming pool in that city.
* * *
 City of Kirkwood enumerates five basic tests that have been employed by various courts: 1) The "superior sovereign" test; 2) The "power of eminent domain" test; 3) The "governmental/proprietary" test; 4) The "statutory guidance" test; and 5) The "balancing of interests" test. 589 S.W.2d at 37. In addition, we observed in Kirkwood that the common thread running through Missouri cases was that the governmental entity with the superior source of power prevailed. 589 S.W.2d at 42.
* * *
The court in City of Kirkwood v. City of Sunset Hills,589 S.W.2d 31, 42 (Mo.App. 1979) stated:
 We believe the legislative grant of authority to cities to acquire by purchase or condemnation land for the use of parks has its source in Article I, § 26 of the Constitution of Missouri ["That private property shall not be taken or damaged for public use without just compensation. . . ."] and the state's concern for the health and general welfare of the citizens of this state. To implement this constitutional authority conferred on the state government the General Assembly delegated to the cities of the state in § 90.010 the power to acquire land for these purposes by condemnation within its city limits or within one mile thereof. Unlike a sewage disposal facility or an incinerator, the operation of which, experience has shown, may be highly offensive, St. Louis Co. v. City of Manchester, 360 S.W.2d 642 (Mo. banc 1962), the operation of a park within a zoned area is less likely to be offensive. No specific provision appears in § 90.010
indicative of any intention on the part of the General Assembly that the exercise of the power to acquire land for parks outside, but within one mile of the the [sic] city limits, should be subject to zoning regulations of any host county or municipality restricting the use of the land which would result in prohibiting its use for park purposes. On the other hand, Ch. 89 which is the source of Sunset Hills' power to regulate the use of land within its territorial limits does not provide that land used by state agencies shall be subject to zoning ordinances enacted pursuant to the authority of Ch. 89. In such cases our Supreme Court has said, State ex rel. Askew v. Kopp, 330 S.W.2d 882, 888[7]: "The state and its agencies are not within the purview of a statute unless an intention to include them is clearly manifest, especially where prerogatives, rights, titles or interests of the state would be divested or diminished."
The statutory authorization for the creation and operation of the Consolidated North County Levee District is found in Chapter 245, RSMo. In Section 245.130, RSMo 1986, the General Assembly has granted the levee district the power to acquire lands shown to be needed for rights-of-way, holding basins and other works" by the exercise of the power of eminent domain. In Section 245.095, RSMo 1986, the General Assembly has granted the levee district the power to "if need be, condemn any land, easement, railroad or other right-of-way" and "the right to condemn for the use of the district. . . ." Chapter 64, RSMo, relating to county zoning, under which the floodplain ordinance was enacted, does not provide that land used by entities such as levee districts shall be subject to zoning ordinances created under its authority.
Based on the law as discussed in the cases above and the facts presented, it is the opinion of this office that the levee district is not subject to the provisions of the zoning ordinance in question.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General